UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                    :

STEVEN HIRSCH,                  :
                    :

              Plaintiff,    :

                    :

      - against -        :

                    :

REHS GALLERIES, INC.,      :
                    :

            Defendant.  :

                    :
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/26/2020__

18-CV-11864 (VSB)

**OPINION & ORDER**

Appearances:

James H. Freeman
Liebowitz Law Firm, PLLC
Valley Stream, NY
*Counsel for Plaintiff*

Craig B. Sanders
Jonathan Mark Cader
Barshay Sanders, PLLC
Garden City, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Steven Hirsch ("Plaintiff") brings this action against Defendant Rehs Galleries,

Inc. ("Defendant"), asserting claims under the Copyright Act, 17 U.S.C. § 101, *et seq*., including

copyright infringement, 17 U.S.C. § 501, and removal or alteration of copyright management

information, 17 U.S.C. § 1202(b).  Defendant moves to dismiss Plaintiff's Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims are time-

barred under the Copyright Act's three-year statute of limitations provision, 17 U.S.C. § 507(b).

Defendant also moves to disqualify Plaintiff's counsel under the advocate-witness rule, arguing

that Plaintiff's counsel will be a necessary fact witness for Defendant's statute of limitations defense. Because Plaintiff's claims cannot be dismissed as untimely at this stage in the litigation, Defendant's motion to dismiss is DENIED. Similarly, because under the applicable statute of limitations, Plaintiff's counsel will not be a necessary fact witness, Defendant's motion to disqualify is DENIED.

## I.    <u>Facts</u>[1]

Plaintiff is a professional photographer who licenses his photographs to online and print media. (Amended Complaint ¶ 5.) At issue in this case is a photograph Plaintiff took of Joseph Gibbons (the "Photograph"),[2] an MIT professor charged with robbing a Manhattan bank. (*Id.* ¶ 10.) Although the exact date on which Plaintiff took the Photograph is unclear,[3] Plaintiff licensed the Photograph to the New York Post, which ran a story reproducing the Photograph on January 10, 2015. (*Id.* ¶¶ 11–13; Ex. B.) Plaintiff's name was featured in the Photograph's gutter credit, the attribution appearing below the Photograph identifying Plaintiff as the photographer and describing the Photograph. (*Id.*) Plaintiff is the author of the Photograph and has at all times been the sole owner of all right, title, and interest in the Photograph, including the copyright thereto, which Plaintiff obtained through the United States Copyright Office on July 25, 2017. (*Id.* ¶¶ 14–15; Ex. C.)

---

[1] The facts set forth in this section are derived from Plaintiff's Amended Complaint and its accompanying exhibits. (Doc. 16.) I assume the allegations set forth in the Amended Complaint and its accompanying exhibits to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."); see Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] The Photograph is attached to the Amended Complaint as Exhibit A. (*Id.* ¶ 10; Ex. A.)

[3] Plaintiff states in its Memorandum of Law in Opposition to Defendant's Motion to Disqualify the Liebowitz Law Firm, PLLC, as Counsel for Plaintiff in this Action that Plaintiff took the Photograph on January 9, 2015. (Doc. 20, at 6.)

"[O]n or about July 16, 2015, Defendant ran an article on [its] website entitled *Bank Robbery as Performance Art? Give Me a Break!*, which prominently featured the Photograph." (*Id.* ¶ 17; Ex. D.)  Defendant did not license the Photograph from Plaintiff, and did not have Plaintiff's permission to publish the Photograph on its website.  (*Id.* ¶¶ 18–19.)  Defendant copied the Photograph from the New York Post, but knowingly removed the gutter credit attributing the Photograph to Plaintiff prior to displaying the Photograph on its website.  (*Id.* ¶¶ 40–43.)

Plaintiff hired his counsel, the Liebowitz Firm, PLLC ("Liebowitz"), on or about February 6, 2016.  (*Id.* ¶¶ 22–23.)  The Amended Complaint describes Liebowitz as specializing in "enforcing the copyrights of photographers," and providing services including "registering copyrights and searching the internet for infringing conduct on behalf of its clients."  (*Id.* ¶ 22.)  "[P]rior to retaining [Liebowitz] to enforce his copyrights, Plaintiff did not search the internet for infringing activity as part of his ordinary course of business."  (*Id.* ¶ 26.)  The Amended Complaint states that "despite [Liebowitz's] best efforts, Plaintiff did not actually discover Defendant's infringing conduct until on or about December 11, 2018," and that "[n]o reasonably diligent copyright holder in Plaintiff's position would have discovered the Defendant's infringing conduct prior to retaining counsel."  (*Id.* ¶¶ 27–28.)  According to Plaintiff, prior to discovering Defendant's infringing conduct, there were no "storm warnings" which put Plaintiff on inquiry notice of Defendant's conduct.  (*Id.* ¶ 29.)  Plaintiff filed his first copyright infringement lawsuit, involving a different photograph taken by Plaintiff, on March 27, 2016. (*Id.* ¶ 24.)

## II.     **Procedural History**

Plaintiff filed the complaint in this action on December 17, 2018, (Doc. 1), and served the Defendant with the summons and complaint on December 27, 2018, (Doc. 7).  On March 12, 2019, after being granted two extensions, (Docs. 11, 13), Defendant filed a motion to dismiss the complaint as time-barred by the relevant statute of limitations.  (Doc. 14.)  Pursuant to Federal Rule of Civil Procedure 15(a)(1)(b), Plaintiff filed the Amended Complaint on April 2, 2019, adding factual allegations relevant to the statute of limitations issue.  (Doc. 16.)  On April 23, 2019, Defendant filed the instant motions:  the motion to dismiss the Amended Complaint as time-barred, (Doc. 17); and the motion to disqualify counsel, (Doc. 18).  Plaintiff opposed both motions on May 23, 2019, (Docs. 20–22), and Defendant filed reply memorandum of law for both motions on June 6, 2019, (Docs. 23, 24).

## III.     **Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts

alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.

*Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must

contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal

conclusions." *Id.*

"Where the dates in a complaint show that an action is barred by a statute of limitations,

a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St.*

*John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see also Voiceone Commc'ns, LLC v.*

*Google Inc.*, No. 12 Civ. 9433(PGG), 2014 WL 10936546, at *7 (S.D.N.Y. Mar. 31, 2014); *OBG*

*Technical Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490,

503 (D. Conn. 2007). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss

for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to

dismiss for lack of jurisdiction over the subject matter." *Ghartey*, 869 F.2d at 162. "The

pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant

to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively

plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).

Instead, "Defendant['s] argument that Plaintiff's copyright [] claims must be dismissed on statute

of limitations grounds 'is an affirmative defense for which [Defendant] bear[s] the burden of

proof.'" *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 358

(S.D.N.Y. 2014) (quoting *United States v. Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013)). "A court

may dismiss a copyright infringement claim on statute of limitations grounds at the pleadings

stage where 'it is clear from the face of the complaint, and matters of which the court may take

judicial notice, that the plaintiff's claims are barred as a matter of law.'" *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)). "However, where there is even 'some doubt' as to whether dismissal is warranted, a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds." *Id.* (citing *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989)).[4]

## IV.  Discussion

### A.  *Statute of Limitations*

Defendant moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims are time-barred under the Copyright Act's three-year statute of limitations provision, 17 U.S.C. § 507(b).  Defendant does not contend that Plaintiff had actual notice of the alleged violations more than three years before the filing of the complaint, but rather that Plaintiff, with due diligence, should have discovered the infringing acts more than three years prior to filing his claims.

### 1.  Applicable Standards

Civil actions under the Copyright Act must be brought "within three years after the claim accrued."  17 U.S.C § 507(b); *accord, e.g.*, *Petrella v. Metro–Goldwyn–Mayer, Inc.*, 572 U.S. 663, 670 (2014); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014).  "The Second Circuit, like 'every Circuit to have considered the issue of claim accrual in the context of

---

[4] Defendant's comments that "we must begin with the premise that Plaintiff admits his claims are time-barred, unless there is a reason to enlarge the statute of limitations," and that "Plaintiff has failed to plead any facts that would justify invoking the discovery rule," are misleading and incorrect as a matter of law.  (Doc. 17, at 7.) Adopting Defendants legal standard would in effect shift the burden to Plaintiff in contravention of Second Circuit precedent permitting dismissal at the motion to dismiss stage only when it is clear from the face of the complaint and judicially noticed materials that Plaintiff's claims are time-barred.  I similarly reject Defendant's contention in its reply brief that the Amended Complaint "was required to allege what reasonable diligence was performed by Plaintiff justifying an extension of the statute of limitations."  (Doc. 23, at 6.)

infringement claims,' follows the 'discovery rule,' under which 'copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement.'" *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746(AKH)(AJP), 2015 WL 5254885, at *4 (S.D.N.Y. Sept. 10, 2015) (quoting *Psihoyos*, 748 F.3d at 124–25, 124 n. 3 (collecting cases)).[5] "Therefore, a copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement." *PK Music Performance, Inc.*, 2018 WL 4759737, at *7. "In determining the time at which 'discovery' . . . occurred, terms such as 'inquiry notice' and 'storm warnings' may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). However, "the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the [infringement]' . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Id.* "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Masi v. Moguldom Media Grp. LLC*, No. 18 CIV. 2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) (quoting *PK Music Performance, Inc.*, 2018 WL 4759737, at *7).

---

[5] Defendant argues that *Petrella* rejected the discovery rule and found that "[a] copyright claim . . . 'accrues' when an infringing act occurs," thus rendering the date of accrual in the instant case July 16, 2015, the date of Defendant's infringement. (Doc. 17, at 7 (quoting *Petrella*, 572 U.S. at 670)). However, in a footnote, *Petrella* stated that "[a]lthough we have not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a discovery rule, which starts the limitations period when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Petrella*, 572 U.S. at 670 n.4 (internal quotation marks omitted). Therefore, the Court specifically noted that it was not passing on whether the injury rule or the discovery rule was the appropriate measure for when a copyright claim accrues. "For now, *Psihoyos* remains the law of this Circuit," and I am bound to apply the discovery rule. *Lefkowitz*, 23 F. Supp. 3d at 357 n.11. In any case, Defendant concedes this point in other sections of its opposition brief when stating that it "does not dispute Plaintiff's contention that the Second Circuit applies a 'discovery rule' to copyright infringement claims." (Doc. 17, at 7.)

## 2. Application

Defendant claims that the discovery rule does not apply to Plaintiff's claim under 17 U.S.C. § 1202(b), and asserts that the claim is therefore time-barred.  (Doc. 17, at 10.)  However, in *Psihoyos*, the Second Circuit stated that the "text and structure of the Copyright Act . . . evince Congress's intent to employ the discovery rule, not the injury rule."  748 F.3d at 124. Additionally, although *Psihoyos* addressed a copyright infringement claim, the Court's holding construed the text of 17 U.S.C. § 507(b), the Copyright Act's statute of limitations provision, which applies to all "civil action[s] . . . maintained under the provisions of [Title 17]."  17 U.S.C. § 507(b).  I find that because *Psihoyos* interpreted 17 U.S.C. § 507(b) to require application of the discovery rule, and because that same provision governs claims under 17 U.S.C. § 1202(b), the same statute of limitations standard set forth above applies to Plaintiff's § 1202(b) claim.

Defendant makes two primary arguments in support of dismissal of the Amended Complaint's Copyright Act claims:  (i) that because Plaintiff discovered an infringement of one of his other photographs as early as March 27, 2016, he was on "constructive notice," (Doc. 17, at 8), to investigate and discover the instant infringement of the Photograph; and (ii) that because on February 6, 2016, Plaintiff hired a firm that "specializes in searching the internet for infringing conduct," (Doc. 17, at 9), Plaintiff should have discovered his claims earlier.  These arguments completely fail for the simple reason that, even if Defendant is right and Plaintiff should have discovered the infringing conduct as early as March 27, 2016 or February 6, 2016, his claims would still not be time-barred as they were filed on December 17, 2018, less than three years after the earliest dates on which Defendant argues Plaintiff should have discovered his claims.

Defendant raises an additional argument that Plaintiff was under a general duty to police

the internet to discover Defendant's use of his Photograph, particularly "given the notoriety of the story and the [Photograph] at the time" it was taken and published. (Doc. 17, at 10.) However, I have considered and rejected this argument before, as have other judges in this district. *PK Music Performance, Inc.*, 2018 WL 4759737, at *8 (denying a motion to dismiss and stating "Defendants' argument that the popularity and success of the Album, DVD, Tour, and HBO Special gave rise to constructive or inquiry notice of Plaintiff's claims is unpersuasive. Nothing in the record before me suggests that Damn Girl was ever played on the radio, and even if it was, that Plaintiff had the opportunity to hear it. . . . Moreover, copyright owners do not have a general duty to police their copyrights."); *see also Masi*, 2019 WL 3287819, at *5 (denying a motion for summary judgment and stating "Plaintiff's knowledge about general interest in the Halden Prison following a gruesome news story is not sufficient to constitute constructive discovery that his photographs of that prison were being infringed," and "[Plaintiff] did not have knowledge of any infringement of his work and there was no reason for him to think, or duty for him to scour the internet to find out if, anyone was using his photographs without his consent.").

Accordingly, it is not "clear from the face of the complaint . . . that [P]laintiff's claims are barred as a matter of law," and there is "some doubt as to whether dismissal is warranted," especially considering that Defendant bears the burden of proof when raising the statute of limitations as an affirmative defense. *PK Music Performance, Inc.*, 2018 WL 4759737, at *7 (internal quotation marks and citations omitted).

Therefore, because Plaintiff's Amended Complaint cannot be dismissed on statute of limitations grounds at this juncture, Defendant's motion to dismiss is DENIED.

### B.    *Motion to Disqualify Plaintiff's Counsel*

Defendant also moves to disqualify Plaintiff's counsel, arguing that because Plaintiff retained Liebowitz to investigate his copyright claims, Liebowitz will be a necessary fact witness for Defendant's statute of limitations affirmative defense.  (Doc. 18.)

### 1.    Applicable Standards

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc., v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005) (internal quotation marks omitted).  Although a court benefits from guidance from American Bar Association and state disciplinary rules, ultimately such rules "merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Id.*  "A federal court's decision of whether to disqualify counsel must ultimately be guided by the goal of a trial process that lacks any hint of a taint." *Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C.*, 440 F. Supp. 2d 303, 309 (S.D.N.Y. 2006) (internal quotation marks omitted).  The party seeking disqualification "bears a heavy burden of demonstrating that disqualification is necessary," and requests for disqualification should be reviewed with "fairly strict scrutiny."  *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231–32 (S.D.N.Y. 2010) (internal quotation marks omitted).  When a party seeks to disqualify counsel under the advocate-witness rule, "the Court's inquiry does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony."  *Bakken Res., Inc. v. Edington*, No. 15-cv-08686 (ALC), 2017 WL 1184289, at *3 (S.D.N.Y. Mar. 29, 2017).  "Generally, disqualification under Rule 3.7(a) is triggered only when the attorney actually serves as an advocate before the jury."  *Id.* (internal quotation marks and citation omitted).  "However, courts occasionally have found it appropriate

to disqualify an attorney at an earlier stage." *Id.*

## 2. Application

As outlined in Section IV.A.2, supra, I find Defendant's argument—that Plaintiff's retention of Liebowitz on February 6, 2016 bolsters its statute of limitations defense—unpersuasive. Plaintiff filed the complaint in this action on December 17, 2018. (Doc. 1.) Therefore, under the discovery rule, the relevant inquiry regarding Defendant's affirmative defense is whether Plaintiff "discover[ed], or with due diligence should have discovered, the relevant infringement" more than three years prior to that date—in other words, before December 17, 2015. *PK Music Performance, Inc.*, 2018 WL 4759737, at *7. Because Plaintiff retained Liebowitz on February 6, 2016, and nothing in the record indicates that Liebowitz assisted Plaintiff at any point prior to that date, Defendant has not demonstrated that Liebowitz has any information relevant to whether Plaintiff's claims accrued prior to December 17, 2015. However, for Defendant to meet its heavy burden to demonstrate that "trial of the case will in fact require [Liebowitz's] testimony," it must at a minimum be able to demonstrate that Liebowitz has such information. *Bakken Res., Inc.*, 2017 WL 1184289, at *3. Because Defendant does not offer any such evidence, its motion to disqualify Liebowitz is denied.

## V.   <u>Conclusion</u>

For the foregoing reasons, it is hereby:

ORDERED that Defendant's motion to dismiss is DENIED, and Defendant shall file an answer to the Amended Complaint within 14 days of the entry of this Opinion & Order;

IT IS FURTHER ORDERED that Defendant's motion to disqualify Plaintiff's counsel is DENIED.

The Clerk of Court is respectfully directed to terminate the open motions at Documents 17 and 18.

SO ORDERED.

Dated: February 26, 2020
New York, New York

Vernon S. Broderick
United States District Judge